IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN COLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ROBERT D. WILCOX, MD PA d/b/a | § | |
| PLASTIC & COSMETIC SURGERY CENTER | § | |
| OF TEXAS AND ROBERT D. WILCOX, | § | |
| INDIVIDUALLY | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Susan Cole, brings this action against Defendant Robert D. Wilcox, MD PA d/b/a Plastics & Cosmetic Surgery Center of Texas and Robert D. Wilcox, individually and would show as follows:

### I. OVERVIEW

1. Defendant Robert D. Wilcox, MD PA d/b/a Plastics & Cosmetic Surgery Center of Texas and Robert D. Wilcox, individually, (collectively referred to herein as "Defendants"), failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an independent contractor and was not properly compensated for hours worked in excess of 40 in a workweek. Plaintiff routinely worked in excess of 40 hours per week, but was not paid time-and-one-half her regular rates of pay for those hours.

### II. PARTIES

2. Plaintiff Susan Cole ("Plaintiff" or "Cole") is currently a citizen and resident of the State of Texas. Her written consent was attached as "Exhibit A" to Plaintiff's Original Complaint.

3.      Defendant Robert D. Wilcox, MD PA d/b/a Plastics & Cosmetic Surgery Center of Texas, (in its assumed or common name), ("Surgery Center"), is a professional association authorized to do business in Texas. Surgery Center is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and is obligated to ensure that all of Defendants' employees are paid in accordance with the FLSA. Surgery Center can be served by and through its registered agent, Robert D Wilcox located at 5316 West Plano Parkway, Plano, TX 75093, or wherever he may be located.

5.      Defendant Robert D. Wilcox is the president of the Surgery Center, and is also believed to be the owner. He can be served at the same address listed above.

### III.     JURISDICTION AND VENUE

4.      This Court has jurisdiction over Defendants because Plaintiff has asserted a claim arising under federal law.

5.      Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

### IV.     COVERAGE

6.      At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.      At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person. In addition, said enterprise has had an annual gross volume of sales made, or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL BACKGROUND

10. Defendant is a plastic surgery center located in Plano, Texas.

11. Plaintiff was employed by Defendants as a full-time Director of Nursing from March 2015 to February 2017.

12. Defendants misclassified Plaintiff as an independent contractor. Plaintiff was an hourly-paid employee who routinely worked in excess of 40 hours a week. Plaintiff was responsible for the day to day operations of the surgical center including patient and nursing issues.

13. Plaintiff was not properly compensated for hours worked in excess of 40 in a workweek. Plaintiff routinely worked in excess of 40 hours per week, but was not paid time-and-one-half her regular rates of pay for those hours.

14. Defendants have employed and is employing other employees who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs, in that the supervisors required these individuals to work off-the-clock without being compensated for that time.

15. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 15 as if fully stated herein.

17. During the relevant period, Defendants violated the provisions of Sections 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants acted willfully by failing to pay Plaintiff in accordance with the law.

## VII. JURY DEMAND

Plaintiffs request trial by jury.

## VIII. PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff her attorneys' fees; and

d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**/s/ Robert (Bobby) Lee**
**Robert (Bobby) Lee**
*Attorney in Charge*
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
Meagan Whitley
Texas Bar No. 24088629
whitley@l-b-law.com

**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**