IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUSAN COLE § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| DEFENDANT ROBERT D. WILCOX, § | CIVIL ACTION NO. 4:17-cv-00367 |
| MD PA D/B/A PLASTICS & COSMETIC § | |
| SURGERY CENTER OF TEXAS AND § | |
| ROBERT D. WILCOX, INDIVIDUALLY § | |
| § | |
| **Defendant.** § | |

### PLAINTIFF'S AMENDED APPLICATION FOR ATTORNEYS' FEES AND COSTS AND BRIEF IN SUPPORT

Plaintiff Susan Cole files her Amended Application for Attorneys' Fees and Costs and Brief in Support, showing as follows:

### I.  BACKGROUND

1. On May 31, 2017, Plaintiff sued Defendant Robert D. Wilcox, MD PA d/b/a Plastics and Cosmetic Surgery Center of Texas and Robert D. Wilcox individually ("Defendants") under the Fair Labor Standards Act ("FLSA") for unpaid overtime pay. On February 1, 2018, Defendants served an Offer of Judgment, and Plaintiff accepted Defendants' offer on February 15, 2018 (ECF Dkt. 13). As part of the accepted offer, the parties agreed to submit the issue of attorneys' fees to this Court for the Court's determination. Thus, Plaintiff files this Application for Attorneys' Fees and Costs, requesting the Court award reasonable and necessary attorneys' fees and costs.

2. The FLSA entitles Plaintiff to recover her attorneys' fees and costs. 29 U.S.C. § 216(b) (The court "shall" award reasonable costs and attorneys' fees.) The reasonable fee Plaintiff requests is $7,101.00. This is based on an hourly rate of $495.00 for Robert (Bobby) Lee ("Lee") and $295.00 for Megan Dixon ("Dixon"). This amount is the product of well-documented billing

records reflecting sound billing judgment. Plaintiff arrived at the attorney-fee amount after her counsel eliminated all time billed on this file by anyone other than Lee and Dixon and then made voluntary itemized reductions for unproductive, excessive, or redundant work.

## II.   LEGAL OVERVIEW

3. A Plaintiff is a prevailing party for purposes of an FLSA fee award if she obtains at least some relief on the merits of her claim. *Tyler v. Union Oil Co. of Calif.*, 304 F3d 379, 404 (5th Cir. 2002). An award of attorney's fees to a prevailing Plaintiff is mandatory in an FLSA case: a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." See 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Attorney's fees awards under the FLSA are governed by the lodestar method, and are determined by the trial court, not the jury. *Saizan v. Delta Concrete Prods.*, Co., 448 F. 3d 795, 799 (5th Cir. 2006).

4. Under the *lodestar* method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Louisiana Power & Light Co. v. Kellstrom*, 50 F. 3d 319 (5th Cir. 1995). Then, the court must determine the proper fees by multiplying the reasonable hours by the reasonable hourly rates. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541 (1984)).

5. After calculating the amount, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The twelve *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F. 2d at 717–19.

6. The Fifth Circuit and the Supreme Court emphasize that there is a "strong presumption" that the lodestar amount is reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. U.S. ex. rel. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662 (2010)). The lodestar "should only be modified in exceptional cases." *Watkins v. Forcid*, 7 F. 3d 453,457 (5th Cir. 1993).

7. Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Saizan v. Delta Concrete Products Co.*, 448 F.3d 759, 799 (5th Cir. 2006). The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Id.*; *Walker*, 313 F.3d at 251.

8. A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id*. If the documentation is vague or incomplete, a court may reduce the hours. *Kellstrom*, 50 F.3d at 324.

9. Reasonable hourly rates are determined by looking to the prevailing market rates in the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

10. "[A]ttorney fees are an integral part of the merits of FLSA cases," *Shelton v. MP. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and, as courts repeatedly explain, the ability of FLSA claimants to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process" and "an award . . . 'encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee analysis "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits"); *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs"); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-shifting provision "exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

### III. ANALYSIS

11. Based on the lodestar analysis, Plaintiff seeks $7,101 in attorneys' fees. This amount is supported by: (a) an analysis of the reasonable hours spent working on this case; and (b) the reasonable hourly rates. These factors, and the *Johnson* factors, are discussed below, and are supported by a sworn declaration from Robert (Bobby) Lee (attached as Exhibit A), as well as contemporaneous time records and a record of costs (attached as Exhibit 1 to Exhibit A).

12. Plaintiff sought damages for all hours worked in excess of 40 hours in a workweek, including hours worked off the clock. After a review of two years' worth of weekly time clock entries and paystubs, it was revealed that Defendant paid Plaintiff straight time for all overtime hours recorded. It was also revealed that Defendants' skimmed Plaintiff's weekly pay by miscalculating the hours worked. (For example, if Plaintiff worked 8 hours and 58 minutes, Defendant paid her for 8.58 hours rather than 8.97 hours.) Based on the weekly time records produced by Defendant, Plaintiff calculated the amount owed to Plaintiff was $8,339. Plaintiff also alleges that she worked off-the clock. Plaintiff reviewed phone records to review the amount of time spent working off the clock. Plaintiff has agreed to accept the remaining $2,661 for her off-the-clock work. Plaintiff accepted a total amount of $11,000 for unpaid overtime wages, and an additional $11,000 for liquidated damages.

13. Plaintiff seeks an award based on 23.4 hours of associate time, and .4 hours of partner time. Lee & Braziel, LLP tracks most of its time through a software program by Iridesco, LLC d/b/a Harvest. A report reflecting the 23.8 hours of work sought herein is attached to Exhibit A as Attachment 1. It is chronologically organized and accurately reflects Megan Dixon and Robert (Bobby) Lee's billable time to this case. In his Declaration, Robert (Bobby) Lee describes the work performed, time charged, and the reasonableness and necessity of such work

and charges. *See* Ex. A.

## The Hourly Rate upon Which Plaintiff Bases His Award Is Reasonable

14. Robert (Bobby) Lee's hourly rate of $495 is reasonable. Lee has practiced labor and employment since 1995, and regularly represents plaintiffs in employment law matters, including matters involving the FLSA, in Federal District Court. The Northern District of Texas has previously approved Lee at an hourly rate of $495 per hour. *See, Calahan v. BMJ Food Corporation d/b/a Church's Chicken,* No. 4:15-cv-251-O (N.D. Tex. 2016) (O'Connor, R.). Other courts in the Northern District of Texas have found reasonable similar rates for attorneys with similar years of experience. *See, e.g.*, *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F [Doc. 201] (N.D. Tex.—Dallas 2011) (Furgeson, J.) ($650.00 and $600.00 per hour); *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex.—Dallas 2015) (Lynn, J.) ($650.00 per hour). A listing of recent fee rates approved in the Northern District (Exhibit B). Megan Dixon's hourly rate of $295.00 is reasonable. Dixon has exclusively litigated labor and employment lawsuits in federal and state courts since 2013. Federal courts in Texas have previously approved Dixon at a billing rate of $295. *See, Calahan v. BMJ Food Corporation d/b/a Church's Chicken,* No. 4:15-cv-251-O (N.D. Tex. 2016) (O'Connor, R.). Other Federal courts in Texas have previously approved other associates at Lee & Braziel at a billing rate of $295.00 an hour, *Gingrass v. J.F. Moore International Inc.*, No. 4:15-cv-00837 (S.D. Tex., 2015) (Hittner, J.), and $250.00 an hour. *Rodriguez v. Mechanical Technical Services, Inc.*, No. 1:12-cv-710 (W.D. Tex., 2015) (Ezra, J.).

15. The requested rates are in-line with those awarded in similar FLSA litigation. *See, e.g., Black v. SettlePou, PC*, an FLSA case, where the Honorable Ed Kinkeade determined that an hourly rate of $450 per hour for lead counsel Joseph H. Gillespie (a 2002 law graduate) "was consistent with the hourly wages of similarly situated attorneys in the Dallas area." 3:10-cv-01418-K, 2012 WL 3638681, *4 (N.D. Tex. Aug. 24, 2012) *rev'd on other grounds,* 732 F.3d 492 (5th Cir. 2013); *West v. Border Foods, Inc.*, 2007 U.S, Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9-12 (S.D.N.Y. May 7, 2007) (senior partner $450; senior associate $300; associate $200; law clerk/pre-admitted law school graduate $100; paralegal $50-$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63).

**Johnson Factors Justify an Adjustment of Fees Either Upward or No Adjustment**

16. The *Johnson* factors are applied below:

(a) The time and labor required for the litigation: See above.

(b) The novelty and difficulty of the questions presented: Plaintiffs anticipate that the fact that Plaintiffs pursued a higher damages figure based on the above novel theories will be used as an excuse to attempt to "gut" their request for attorney's fees. Such a result would be not only patently unfair but would also serve to discourage any original or creative thinking as applied to FLSA cases.

(c) The skill required to perform the legal services properly: Average skill was required.

(d) The preclusion of other employment by the attorney due to acceptance of the case: By accepting Plaintiff's case, Lee & Braziel, LLP was precluded from accepting other employment. If the firm had not expended time and resources on this case, it would have devoted time and resources to other cases and compensable work. Because of this case, the firm has forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably.

(e) The customary fee: This matter was handled on a pure contingent fee basis, which is customary, although many firms charge clients their costs, or some other small retainer, neither of which Lee & Braziel, LLP did in this case.

(f) Whether the fee is fixed or contingent: Lee & Braziel, LLP took this case on a pure contingent fee basis. Accordingly, the firm has, as of this day, not made a penny on this case, and has not charged Plaintiff a single penny either. This factor warrants an upward adjustment to the lodestar amount.

(g) Time limitations imposed by the client or the circumstances: Not applicable.

(h) The amount involved and the result obtained: Plaintiff recovered all of her wages for unpaid overtime where Defendant erroneously paid her straight time for overtime. Although a fact issue remained, Plaintiff accepted the remaining balance as compensation for her hours worked off the clock.

(i) The experience, reputation, and ability of the attorneys: Nearly 30 years of combined experience, with good reputation and ability.

(j) The "undesirability" of the case: The case was not undesirable.

(k) The nature and length of the professional relationship with the client: Began relationship in March 2017 and the relationship continues to this day.

(l) Awards in similar cases: The proposed attorneys' fees award is less that the fees awarded in cases that have gone to trial within the last several years. *See, Wherley v. John Schellsmidt et al*, 3:12-cv-0242-D, Dkt. 89, 2014 WL 3513028 (N.D. Tex. 2014) (Hon. Sidney Fitzwater awarded $71,695.00 in fees on a recovery of $16,138.00). *See also Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages).

17. After considering the Johnson factors, the court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993). However, many of the *Johnson* factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted. *Jason D. W. v. HISD*, 158 F.3d 205, 209 (5th Cir. 1998). Plaintiff does not seek an upward adjustment to the lodestar amount of $7,101 based on the *Johnson* factors. Additionally, Plaintiff opposes any reduction in fees based

on degree of success, as Plaintiff recovered all of her wages for unpaid overtime where Defendant erroneously paid her straight time for overtime. Although a fact issue remained, Plaintiff accepted the remaining balance as compensation for her hours worked off the clock. A party requesting an adjustment—whether up or down—bears the burden to justify doing so through "specific evidence" that the adjustment is necessary to ensure a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d. 319, 329 (5th Cir. 1995).

18.  Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co*., 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. USA*, 891 F.2d 533, 539 (5th Cir. 1990)). Further, courts have generally held that cost awards under fee-shifting statutes may encompass all reasonable out-of-pocket expenses. *Shorter v. Valley Bank & Trust Co*., 678 F. Supp. 1518, 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F.2d 303, 316, 27 WH Cases 962 (7th Cir. 1986).

19.  Title 28 U.S.C. § 1920 identifies recoverable costs:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2006).

20.  Before a court taxes a bill of costs, the party claiming the cost shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2006). If

a party does not set out costs with sufficient particularity, a court may disallow them. *See Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990).

21. In this case, Plaintiffs seeks costs of $512.50 for standard items that are included in the costs recoverable under 28 U.S.C. § 1920 such as filing fees ($400.00) and service of process fees ($112.50). *See* Ex. A, Attach. 2.

## IV. CONCLUSION

22. Plaintiff respectfully moves the Court to enter an order awarding her reasonable and necessary attorneys' fees of $7,101 as well as recoverable costs and expenses of $512.50.

23. Plaintiff respectfully asks the Court to enter a final judgment of $22,000 for damages and liquidated damages and $7,613.50 for attorney's fees and cost. Plaintiff also seeks all other relief to which she is justly entitled, as determined by this Honorable Court.

Respectfully submitted by:
/s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**Meagan Whitley**
State Bar No. 24088629
whitley@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Undersigned counsel conferred with Clay Davis on February 23, 2018 regarding the amount of attorneys' fees and costs Plaintiff would be seeking in her motion. Mr. Davis responded on March 1, 2018 that Defendant would only stipulate to the amount if Plaintiff executed additional documentation that was not contemplated when accepting the Offer of Judgment. Plaintiff did not agree to execute additional documentation. Therefore, this motion is opposed.

/s/ Megan Dixon
Megan Dixon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed and served upon all counsel of record via the Court's ECF Filing System on this 15th day of March, 2018:

Robert E. Sheeder, attorney-in-charge
Robert.sheeder@bracewelllaw.com
Clayton M. Davis
Clayton.davis@bracewelllaw.com
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: (214) 468-3800
Telecopier: (214) 468-3888

**ATTORNEYS FOR DEFENDANTS**

/s/ Robert (Bobby) Lee
Robert (Bobby) Lee