# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SUSAN COLE<br><br>v.<br><br>ROBERT D. WILCOX, MD PA d/b/a PLASTICS & COSMETIC SURGERY CENTER OF TEXAS and ROBERT D. WICOX, INDIVIDUALLY | § §<br>§ Civil Action No. 4:17-CV-00367<br>§ Judge Mazzant<br>§ § § § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Susan Cole's Amended Application for Attorney's Fees and Costs (Dkt. #16). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

On May 31, 2017, Plaintiff sued Defendants Robert D. Wilcox, MD PA d/b/a Plastics and Cosmetic Surgery Center of Texas and Robert D. Wilcox individually (collectively, "Defendants") under the Fair Labor Standards Act ("FLSA") for unpaid overtime pay. On February 1, 2018, Defendants served an Offer of Judgment, which included an amount for unpaid overtime wages and liquidated damages. Additionally, Defendants offered to pay for costs and attorney's fees, an amount to be determined by the Court. As such, on March 15, 2018, Plaintiff filed her Amended Application for Attorney's Fees and Costs (Dkt. #16). On March 21, 2018, Defendants filed their response (Dkt. #17).

## LEGAL STANDARD

In determining whether an award for attorney's fees is warranted in a lawsuit under the FLSA, the Court engages in a three step process. First, the Court determines whether the party is

entitled to recover attorney's fees and costs. *See Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir.2006). The attorney's fee provision of the FLSA states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Although the provision does not specifically mention a "prevailing party," courts have construed the provision as requiring the party being awarded attorney's fees to be the prevailing party. *Saizan,* 448 F.3d at 799 n.7.

Second, after determining whether a party is entitled to attorney's fees, the Court determines the amount of attorney's fees to be awarded. *See id.* at 799. To determine the amount, the Court calculates the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonably hourly rate. *Rutherford v. Harris County,* 197 F.3d 173, 192 (5th Cir.1999).

Third, after determining the "lodestar," the Court may adjust that number upward or downward based on a consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The twelve *Johnson* factors are: (1) the time a labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 117–19. But the lodestar may not be adjusted because of a *Johnson* factor that is already subsumed in the lodestar. *Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir.1998).

Regarding costs of the action, Federal Rule of Civil Procedure 54(d) makes clear that costs are to be awarded to the prevailing party as a matter of course, unless the court directs otherwise. *See Energy Mgmt. Corp. v. City of Shreveport,* 467 F.3d 471, 483 (5th Cir.2006).

## ANALYSIS

In Plaintiff's motion, Plaintiff seeks $7,101 in attorneys' fees and $512.50 in costs and expenses. In their response, Defendants advise the Court that they do not oppose Plaintiff's motion. After reviewing Plaintiff's motion, the Court finds that Plaintiff's request is reasonable and should be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Susan Cole's Amended Application for Attorney's Fees and Costs (Dkt. #16) is hereby **GRANTED**. As such, Plaintiff is awarded $7,101 in attorneys' fees and $512.50 in costs.

**SIGNED this 24th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE